IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAY DONALD WITKOWSKI,<br><br>Petitioner,<br><br>vs.<br><br>PETE BLUDWORTH, WARDEN CROSSROADS CORRECTIONAL CENTER; AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 22-60-GF-BMM<br><br>**ORDER** |

On June 29, 2022,[1] state pro se petitioner Jay Donald Witkowski ("Mr. Witkowski") filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") requires courts to examine the petition before ordering the respondents to file an answer or any other pleading. The

---

[1] Under the mailbox rule, a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

1

petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*. If summary dismissal is not warranted, a judge must order a respondent to file an answer, motion, or other response or "to take other action the judge may order." *Id*. For the reasons discussed below, Mr. Witkowski's petition will be dismissed as unexhausted.

## I. Background/Witkowski's Claims

According to Mr. Witkowski, on October 17, 2017, written judgment was entered in Montana's Seventeenth Judicial District, Valley County, sentencing Mr. Witkowski to a 70-year custodial sentence for Deliberate Homicide, with a consecutive 10-year term for a weapon enhancement. (*See* Pet. Doc. 1 at 2–3.)

Mr. Wiktowski timely appealed. Mr. Witowski claimed that the Montana state district court: (1) abused its discretion with the procedure utilized to evaluate Mr. Witkowski's request for new appointed counsel, and (2) erroneously imposed conditions of sentence. *See State v. Witkowski*, 498 P.3d 1252 (Table) (Mont. 2021). The Montana Supreme Court affirmed that no error existed relative to Mr. Witkowski's *ex parte* complaints, but did remand the matter for entry of an amended judgment of conviction and sentence striking and/or omitting certain conditions of sentence originally imposed. *Id*. at ¶¶ 14–16.

Mr. Witkowski filed a petition for postconviction relief in the Montana state

district court on December 13, 2021. (Doc. 1 at 3, ¶ 9.) Based on documents provided in supplements to his present petition, it appears that Mr. Witkowski raised claims of ineffective assistance of counsel, judicial bias, and prosecutorial misconduct. (*See* Doc. 1-1 at 12–19; *see also* Doc. 9-1 at 51.) The Montana state district court denied Mr. Witkowski postconviction relief.

Mr. Witkowski appealed the denial of his postconviction petition on June 2, 2022. (Doc. 1 at 4, ¶ 10.) Mr. Witkowski indicates that he intends to raise judicial bias and ineffective assistance of trial counsel on appeal. (*Id.*)

Mr. Witkowski claims in the instant petition that trial counsel provided ineffective assistance, (Doc. 1 at 4, 6–8), and that the Montana state district court exhibited bias. (*Id.* at 5.) Mr. Witkowski asks the Court to allow him to withdraw his guilty plea and consider new evidence of his innocence. (*Id.* at 11, ¶ 17.)

**II.  Analysis**

Before Mr. Witkowski can proceed in this Court, he must exhaust his claims in the state court system. The pending petition will be dismissed without prejudice in order to allow Mr. Witkowski to exhaust his claims and then return to this Court, if necessary, at a later date.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §

3

2254(b)(1)(A). The exhaustion requirement is grounded in the principle of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

Mr. Witkowski indicates in his petition that he has appealed the denial of his postconviction to the Montana Supreme Court. The Court has independently reviewed the Montana Supreme Court's docket and has verified that Mr. Witkowski has an active appeal pending. Mr. Witkowski recently filed his opening brief. *See Witkowski v. State*, DA 22-2096, Appl. Br. (filed Oct. 6, 2022).[2] The

---

[2] *See* Montana Supreme Court Docket, https://supremecourtdocket.mt.gov (last visited Nov. 1, 2022).

State has not yet responded.

As Mr. Witkowski's petition makes clear, his claims have not yet been adjudicated by the state courts; he has an active state appellate case pending. The Court cannot review these claims because Mr. Witkowski has not yet exhausted his available state court remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be without prejudice. *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000). Mr. Witkowski may return to this Court upon full exhaustion of the claims relative to his current custody.

### III.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Section 2254 Rules. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, a court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140–41 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Witkowski has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings at this time. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court makes the following:

### ORDER

1. The Petition (Doc. 1) is **DISMISSED** without prejudice as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal by separate document.

3. A certificate of appealability is **DENIED**.

DATED this 1st day of November, 2022.

_____
Brian Morris, Chief District Judge
United States District Court